## STATE *v.* DAVIS.*

CRIMINAL LAW. *Indictment and presentment. Need not allege time and place. When. Public road. Obstruction of.* The question arising out of a presentment against an overseer for allowing a public road to be and remain out of repair, and obstructed, etc., sec. 5124 of the Code was construed, the court say: That it is not necessary to state the *true* time of the commission of the offense, but that it does not dispense with the necessity of the allegation of some time, or with the recital that the offense was committed "before the finding of the present-ment," and under sec. 5125 it is not necessary for the indictment to allege where the offense was committed.

Code cited: Sec. 5124–25.

---

### FROM DAVIDSON.

---

Appeal from the Criminal Court. THOS. N. FRAZIER, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

No brief appears for Davis.

DEADERICK, J., delivered the opinion of the court.

The only question necessary to be determined in this case is whether the time of the commission of the alleged offense should be avered in the present-ment.

After stating that on the 1st day of January, 1869, there was a certain public road, describing it, the presentment further states that on the 1st day of April,

---

* This case was decided in 1870.

1869, D. B. Davis was, and for a long time before said date had been, and was up to the finding of the presentment, overseer, etc., and that the said D. B. Davis, being the overseer, keeper, and owner of said road, did, for a long time, to-wit: for one day, five days, ten days, fifteen days, permit said road to be and remain out of repair, obstructed, etc.

It will be observed that the presentment states the time during which the defendant was overseer of the road, but it does not aver any time which, or during which, the offense of permitting the road to be out of repair, and to remain obstructed, was committed.

For the State it is insisted that under the provisions of the Code, sec. 5124, it is not necessary to allege any time at which the offense presented was committed.

The language of that section is that "the time at which the offense was committed need not be stated in the indictment, but the offense may be alleged to have been committed on any day before the finding thereof, or generally before the finding of the indictment, unless the time is a material ingredient of the offense."

We hold the proper construction of that section to be, that it is not necessary to state the true time of the commission of the offense, but that it does not dispense with the necessity of the allegation of some time, or with the recital that the offense was committed "before the finding of the presentment."

This section immediately succeeding it, upon the subject of venue, provides that "it is not necessary

State *v.* Davis.

for the indictment to allege where the offense was committed, but the proof must show," etc.

At the last term of this court, at Knoxville, we held that under the unequivocal language of sec. 5125 of the Code it was not necessary for the indictment to allege where the offense was committed.

The language of that section is so plain that we could not give it any other construction.

The language employed in sec. 5124, now under consideration, when taken all together, imports that it is necessary to state some time, but not material that it should be the time when the offense was committed.

The time at which an act is done, or "an offense is committed," is necessarily definite and certain, and the language of the statute is that it is not necessary to allege the time at which the offense was committed, not that it was not necessary to allege any time, etc.

We are, therefore, of opinion that there was no error in the action of the Circuit Judge in quashing the presentment, and affirm the judgment.