STATE OF TENNESSEE v. MARK SISSON AND VIRGIL THORMAN.

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. CRIMINAL LAW. INDICTMENT. VENUE.

Venue of crime need not be averred in indictment. (Post, p. 536.) Citing Code of 1858, sec. 5125 (Shannon's Code, sec. 7088).

2. CRIMINAL LAW. INDICTMENT. VENUE.

Where Criminal Court has jurisdiction over a portion of a county, its indictments need not aver that crime was committed in that portion of county over which it exercises jurisdiction. (Post, p. 536.)

Citing: Wickham v. State, 47 Tenn., 525; Williams v. State, 50 Tenn., 37, 41; State v. Donaldson, 50 Tenn., 48; State v. Davis, 65 Tenn., 605.

---

FROM POLK.

---

Appeal from the Law Court of Polk (Ducktown, Tenn.) County.—HON. JOHN J. BLAIR, Judge.

NAT TIPTON, Assistant Attorney-General, for the State.

BROWN & CANDLER, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The defendants in error, Mark Sisson and Virgil Thorman, were convicted in the law court at Ducktown for taking and using an automobile without the consent of the owner, the jury fixing their punishment for three years in the State Training & Agricultural School for Boys.

After verdict, the trial judge sustained a motion in arrest of judgment, on the ground that the law court was vested with a limited jurisdiction over the Third Civil District of Polk County, and the indictment did not aver that the offense charged was committed in said civil district.

(1) In our opinion, it was not necessary that this averment be contained in the indictment. The rule to the contrary was changed by statute in this State, section 5125 of the Code of 1858 (Shannon's Code, section 7088), providing:

"It is not necessary for the indictment to allege where the offense was committed, but the proof shall show a state of facts bringing the offense within the jurisdiction of the county in which the indictment was preferred."

(2) In counties which have more than one court, with criminal jurisdiction limited to a portion of the county, this statute has been given the effect of requiring only that the proof shall show the commission of the offense charged in that portion of the county over which the court has jurisdiction. *Wickham v. State*, 47 Tenn., 525;

*Williams* v. *State,* 50 Tenn., 37, 41; *State* v. *Donaldson,* 50 Tenn., 48; *State* v. *Davis,* 65 Tenn., 605.

The judgment of the trial court, sustaining the motion in arrest, will be accordingly reversed, and the case will be remanded to the trial court with directions to enter judgment upon the verdict, as required by law.